IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IRT CRESTMONT APARTMENTS
GA LLC dba CRESTMONT AT TOWN
CENTER,

    Plaintiff,

v.

CIVIL ACTION NO.
1:18-CV-897-AT-LTW

JAQUAN STEWART,

    Defendant.

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendant Jaquan Stewart's request to remove a civil action in forma pauperis, without prepayment of fees and costs or security therefor (Doc. 1), pursuant to 28 U.S.C. § 1915(a)(1). The Affidavit of Poverty indicates that Defendant Stewart is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant Stewart's motion to proceed in forma pauperis is **GRANTED**. (Doc. 1). For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Cobb County.

## PROCEDURAL BACKGROUND FACTS

In February 2018, pursuant to Georgia law, Plaintiff IRT Crestmont Apartments GA LLC dba Crestmont at Town Center ("Crestmont") filed a dispossessory proceeding

AO 72A
(Rev.8/82)

in the Magistrate Court of Cobb County, State of Georgia, in an attempt to evict Defendant Stewart from his residence. (Doc. 1-1, p. 3). Defendant Stewart removed the matter to this Court on February 28, 2018, and appears to be asserting federal defenses or counterclaims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and the Fair Housing Act, 42 U.S.C. § 3601 ("FHA") against Crestmont in his petition for removal. (Doc. 1-1, at 1-2).

Stewart's defenses and counterclaims under federal law do not give him the authority to remove this action. First, 28 U.S.C. § 1441 does not provide a basis for removal in this case. Title twenty-eight, Section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted).

"[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In this case, federal question jurisdiction is not present. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this case, Crestmont relied exclusively on state law when it initiated a dispossessory proceeding in the Magistrate Court of Cobb County to seek possession of Stewart's residence. (Doc. 1-1, at 3). No federal question is presented on the face of Crestmont's Complaint. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-49, et seq. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. In Defendant Stewart's Notice of Removal, Stewart cursorily alleges Crestmont violated the FDCPA and the FHA. (Doc. 1-1, p. 1-2). A federal question present in a counterclaim or a defense, however, is not a proper basis for removal of a

Complaint under Section 1441. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 n.20 (11th Cir. 2010).

Moreover, diversity of citizenship does not provide a basis for removal in this case. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the parties are diverse and the $75,000 amount in controversy jurisdictional threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). Neither Stewart's Petition for Removal nor Crestmont's Complaint includes any facts showing that the $75,000 jurisdictional threshold is met. A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). Thus, Plaintiff's Complaint, which only includes an action for dispossession of the residence, does not satisfy the amount in controversy requirement.

Stewart also cannot invoke removal jurisdiction pursuant to 28 U.S.C. § 1443. Title 28, Section 1443(1) of the United States Code allows for removal "against any person who is denied or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States, or of all persons with

AO 72A
(Rev. 8/82)

the jurisdiction thereof." 28 U.S.C. § 1443. In order to remove under Section 1443, however, Stewart must satisfy a two pronged test. First, Stewart must show that "the right upon which he relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Wells Fargo Bank, N.A. v. Henley, 198 F. App'x 829, 830 (11th Cir. 2006). Second, Stewart "must show that he has been denied or cannot enforce that right in the state courts." Cent. Mortg. Co. v. Laskos, 561 F. App'x 827, 829 (11th Cir. 2014); Henley, 198 F. App'x at 830.

Stewart's Petition for Removal falls short of establishing a basis for removal under Section 1443(1). In order to satisfy the first requirement, the law invoked must provide for specific civil rights stated in terms of racial equality. Laskos, 561 F. App'x at 829. Stewart's petition fails to establish his entitlement to removal because Stewart's allegations do not indicate that his civil rights were violated. Although Stewart's Petition for Removal also references the FHA, which does prohibit discrimination in housing on account of race, among other protected characteristics, it is not apparent that the right upon which Stewart relies is premised on the Fair Housing Act's prohibitions against racial discrimination in housing. Defendant Stewart does not allege that Crestmont discriminated against him on the basis of his race, and Stewart fails to present any factual allegations that show that he suffered racial inequality. Defendant Stewart's mere invocation of the FHA does not show that he intended to allege that Crestmont discriminated against him on the basis of his race because the FHA also prohibits discrimination in housing based upon handicap, sex, or religion. See generally 42

5

U.S.C. § 3631. The burden is on the party who sought removal to demonstrate that federal jurisdiction exists. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). As such, the removing party's burden extends to making and supporting the arguments necessary to sustain removal. Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1017 n.4 (11th Cir. 2003) (declining to consider argument concerning diversity jurisdiction, raised for the first time in petitioner's appellate brief, because petitioner had "the burden to plead this basis in its notice of removal"); Bank of New York Mellon v. Beccan, No. 1:12-CV-01392-RWS, 2013 WL 3990753, at *3 (N.D. Ga. Aug. 1, 2013) (rejecting Section 1443 as a basis for removal of dispossessory action because defendant did not provide any factual basis supporting removal under Section 1443); Alcan Inv., LLC v. C-D Jones & Co., Inc., No. 09-0492-WS-N, 2009 WL 2762828, at *7 (S.D. Ala. Aug. 27, 2009) (noting that when the defendants elected to support removal under one legal authority, they risked remand if the court disagreed that the authority provided a basis for removal and no duty devolved upon the court to conduct additional legal research or construct additional arguments on the defendant's behalf). The Petition therefore, is not sufficient to meet Stewart's burden of showing that removal under Section 1443 is authorized in this case. See, e.g., Henley, 198 F. App'x at 830-31 (rejecting removal of dispossessory action pursuant to Section 1443 because defendant's claim was not based on the denial of civil rights stated in terms of racial equality); St. James Assoc. v. Larsen, 67 F. App'x 684, 686 (3d Cir. 2003) (rejecting Section 1443 as a basis of removal for ejectment action even where the

defendant alleged a violation of the Fair Housing Act because the plaintiff did not allege racial discrimination); Beccan, 2013 WL 3990753, at *3; Sky Lake Gardens No. 3, Inc. v. Robinson, No. 96-1412, 1996 WL 944145, at *5 (S.D. Fla. 1996) (rejecting Section 1443 as a basis for removal of action where defendant's Fair Housing Act counterclaim was predicated on familial status discrimination).  Because Stewart has not established a basis for removal jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Cobb County.

## CONCLUSION

Based on the foregoing reasons, Defendant Stewart's application to proceed in forma pauperis is **GRANTED**. (Doc 1).  Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Cobb County.  As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED** this 14 day of May, 2018.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE